IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN FURNESS, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>GARY MILLS, an individual,<br><br>                  Defendant. | <u>CORRECTED</u>[*]<br>MEMORANDUM DECISION AND<br>ORDER DENYING MOTION TO REMAND<br><br><br>Case No. 2:12-cv-00256 DN<br><br>District Judge David Nuffer |

Plaintiff Susan Furness (Furness) filed suit against Gary Mills (Mills) in the Third Judicial District Court in Salt Lake County for securities fraud.[1] Mills removed that action from state court to the United States District Court.[2] Furness filed a Motion to Remand[3] on the grounds that Mills's notice of removal was filed after the 30-day removal period. After opposing that motion, Mills has filed motions to dismiss, to quash service, and for a more definite statement. This order addresses only the motion on remand.

**BACKGROUND**

Furness filed her complaint in state court on January 10, 2012.[4] Mills was served on February 4, 2012.[5] On February 8, 2012, counsel for Mills acknowledged receipt of the

---

[*] This corrected order omits a paragraph on page 8 erroneously included in the original filed August 5, 2013 as docket no. 24.

[1] Verified Complaint and Request for Jury (Complaint), docket no. 7-1, filed Mar. 19, 2012.

[2] Notice of Removal of Action Under 28 U.S.C. § 1441 (b) (Federal Question), docket no. 2, filed Mar. 14, 2012.

[3] Docket no. 6, filed Mar. 19, 2012.

[4] Complaint at 1.

[5] Constable's Return, docket no. 7-2 filed Mar. 19, 2012.

Complaint but notified counsel for Furness that one of the ten pages in the Complaint was missing: page 4.[6] Counsel stated that he would need page four to respond, and "will not need more than 45 days from the moment [he would] receive page 4."[7] On February 14, 2012, Furness denied Mills's request for 45 days to respond but stipulated to an enlargement of the time to respond to 32 days after the delivery of the missing page, giving Mills until March 16, 2012.[8]

The missing page was provided to Mills's counsel on February 14, 2012.[9] Mills filed a Notice of Removal[10] on March 14, 2012, 39 days after the original service of the complaint but 29 days after the service of page 4, and two days before the enlargement deadline to which Furness stipulated.

Page 4 of the complaint contains paragraphs of background facts numbered 18–23. At the bottom of the page, the heading for count 1 appears as "COUNT I (Violation of Section 10(b) of the 1934 Act and Rule 10(b)(5))."[11] Following the heading, paragraph 24 states that Furness incorporates the allegations set forth in the preceding paragraphs. Page 5 begins with paragraph 25 which states "Mills violated 10(b) of the 1934 Act and Rule 10b-5 by acting in or by interstate commerce."[12] After that count is developed, page 5 also contains the heading "Count II (Fraud) and begins the development of that count.[13]

---

[6] Email Correspondence of Bret Rawson, docket no. 7-3, filed Mar. 19, 2012.

[7] *Id.*

[8] Correspondence of Sean Egan, docket no. 16-4, filed Mar. 29, 2012.

[9] Furness's Memorandum in Support of Her Motion to Remand (Memorandum in Support) at 2, ¶ 3, docket no. 7, filed Mar. 19, 2012.

[10] Docket no. 2, filed Mar. 14, 2012.

[11] Complaint at 4.

[12] *Id.* at 5.

[13] *Id.*

## ANALYSIS

The standard for removal is not low; removal statutes are narrowly construed.[14] The plaintiff has the right to choose the forum in filing the complaint in the court of her choice, and only the defendant may remove the case.[15] Moreover, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing."[16] When doubts, ambiguities, and uncertainty cloud removal, courts generally resolve them in favor of remand,[17] and several circuits maintain presumptions against federal jurisdiction on removal.[18] The Tenth Circuit has unequivocally stated that "all doubts are to be resolved against removal."[19] Under that presumption against federal jurisdiction, the party seeking to remove bears the burden of establishing jurisdiction.[20]

The question before the court in this motion is whether the 30-day removal period under 28 U.S.C. § 1446 began to run when the incomplete complaint was served, when the missing page was served to opposing counsel, or if it has yet to be triggered because a complete

---

[14] *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005); *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("[n]ot only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of the federal courts is one calling for the strict construction of such legislation").

[15] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim."); *see Shamrock Oil and Gas Corp.*, 313 U.S. at 104–07; 107 n.2.

[16] *Burns*, 31 F.3d at 1095.

[17] *Id.* ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

[18] *See Somlyo v. J.Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2nd Cir. 1991) ("courts construe the removal statute narrowly, resolving any doubts against removability") (overruled on other grounds); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (presumption requires remand when doubt exists); *Burns*, 31 F.3d at 1095.

[19] *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (*citing Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957)).

[20] *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

complaint has never been served on Mills. According to the removal statute, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[21]

In the past, courts have held that formal service was not required to begin the 30-day period.[22] For example, some courts allowed unsigned copies of initial pleadings or courtesy copies of pleadings to trigger the 30-day period.[23] These allowances were abrogated in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,[24] where the United States Supreme Court held that formal service was required to trigger the removal period. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."[25] The Court outlined four scenarios that could trigger the removal period pursuant to proper service of process:

> First, if the summons and complaint are served together, the 30–day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.[26]

---

[21] 28 U.S.C. § 1446(b)(1).

[22] *See Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996); *Roe v. O'Donohue*, 38 F.3d 298, 302–04 (7th Cir. 1994).

[23] *See Reece*, 98 F.3d 839 (unsigned initial pleadings); *Carter v. Bldg. Materials & Constr. Teamsters' Union, Local 216*, 928 F. Supp. 997, 998–1000 (N.D. Ca. 1996) (courtesy copies of pleadings).

[24] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

[25] *Id.* at 350.

[26] *Id.* at 354.

Under the Utah rules which governed this case when commenced in state court, a copy of the complaint must be served with the summons.[27] The federal rules also state that "[a] summons must be served with a copy of the complaint."[28] Therefore, the first *Murphy* scenario for triggering the removal period could govern in this case. The second and third scenarios cannot apply because Utah requires the summons and complaint be served together. Finally, while the fourth *Murphy* scenario could also apply because Furness's complaint was filed in court before service, it cannot because the Utah rule requires service of the summons and complaint at the same time.

In addition to the service of the complaint, Mills also emphasizes further grounds for the insufficiency of the summons pursuant to the Utah rules which state that "[t]he summons shall contain the name of the court, the address of the court, the names of the parties to the action, and the county in which it is brought."[29] It is true that the summons did not contain the address of the court, with the name appearing only in the caption of the summons.[30]

Because insufficient service of process cannot trigger the removal period,[31] the question before this court is whether the service of the defective summons and Furness's incomplete complaint satisfy Utah's requirement that a complaint and a summons be served together and start running the removal period. If it is inconsequential whether the complaint is complete and whether the summons is defective, service of process was proper on February 4, 2012, and the 30-day removal period commenced thirty nine days before Mills filed the notice of removal on March 14, 2012, 9 days outside the statutory removal period. In that case, Furness's Motion to

---

[27] Utah R. Civ. P. 4(b)(i).

[28] Fed. R. Civ. P. 4(c)(1).

[29] Utah R. Civ. P. 4(c)(1).

[30] *See* Summons, docket no. 16-2, filed Mar. 29, 2012.

[31] *Murphy Bros., Inc*, 526 U.S. at 350.

Remand would be proper. However, if either the incomplete complaint *or* the defective summons is insufficient under *Murphy*, the removal period did not begin to run on February 4, 2012, and Furness's Motion to Remand would be baseless.

Furness states that whether "the Complaint was missing a page is irrelevant for purposes of the 30-day removal period because page 5 of the Complaint, which Mills acknowledges receipt of [sic], clearly states that the claim against Mills in Count I was brought under Rule 10(b) of the 1934 Act and Rule 10b-5. Therefore, Mills can not claim that he was unaware of the Federal claim raised against him that gave rise to removal when he was originally served on February [4], 2012."[32] Furness misapprehends the requirement for the triggering the start of the removal period. The *Murphy* standard gives no weight to the knowledge, presumptions, or constructive or actual notice of either party in relation to the triggering of the removal period. *Murphy* held that a removal was timely thirty days after proper service even though forty-four days elapsed since the defendant received a faxed copy of the complaint.[33]

There are very few cases where the sufficiency of an incomplete complaint has been argued. In *Wharton v. Nassau County*,[34] a *pro se* plaintiff served a complaint that was missing several pages on March 10, 2010.[35] The defendant's attorney contacted the plaintiff, gave notice of the missing pages, and according to defendant, the parties agreed to an enlargement of the time to respond to 30 days from service of the complete complaint.[36] The plaintiff then served all but one of the missing pages on March 25, 2010, never serving the final missing page, and the defendants answered on April 20, 2010, 27 days after service of the majority of the missing

---

[32] Memorandum in Support at 4.

[33] *See Murphy Bros., Inc.*, 526 U.S. at 349.

[34] Case no. 10-CV-0265 (JS) (AKT), 2010 WL 4878998 (E.D.N.Y. Nov. 22, 2010).

[35] *Id.* at *1.

[36] *Id.*

6

pages.[37] The plaintiff then moved for a default judgment the following day, asking the court to reject the defendants' answer as untimely.[38]

The *Wharton* court set aside the question of whether the plaintiff completed proper service either when he served the highly incomplete complaint or fifteen days later when he served the majority of the missing pages, but denied a default judgment on principles applicable to setting aside a default.[39]

In *Crist v. Phelps*,[40] the plaintiff provided the court with copies of the complaint for service upon three additional defendants in the case, as well as the Attorney General for the State of Delaware. The complaint was "missing pages 4, 5, 8, 9, 11, 12, 13, 14, 15, 16, and ex. B page 4 of 9."[41] The court ordered the plaintiff to provide the court with the missing pages of the complaint, and notified him that the United States Marshals Service would not serve the complaint until all the missing pages had been received by the Clerk of Court.[42] The court specified that failure to provide the missing pages would result in the complaint or those defendants being dismissed.[43]

These cases, although not controlling or precisely on-point, suggest that an incomplete complaint is not a sufficient complaint. A court would certainly be hard-pressed to require a defendant to respond to such an incomplete complaint before a deadline, because it is unreasonable to expect a defendant to address unseen allegations of facts or raise defenses to claims of which the defendant is unaware.

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] Civ. No. 09-957-SLR, 2010 WL 1704401 (D. Del. Apr. 27, 2010)

[41] *Id.* at *5.

[42] *Id.*

[43] *Id.*

Furthermore, Furness stipulated to an enlargement of the response period. Furness acknowledged that it would be unfair to apply deadlines to Mills that were based on service of an incomplete complaint. Mills filed the notice of removal before the deadline for response offered by Furness. A complaint missing a page of alleged facts and the beginning of the first claim would likely not constitute sufficient service of process in the Utah courts.

**ORDER**

IT IS HEREBY ORDERED that Furness's Motion to Remand[44] is DENIED.

Signed August 8, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[44] Motion to Remand, docket no. 6, filed Mar. 19, 2012.